IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORA LONGORIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 12-cv-998 |
| | § | |
| FLEXTRONICS AMERICA, L.L.C. | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff NORA LONGORIA ("Plaintiff") and complains of Defendant FLEXTRONICS AMERICA, L.L.C. and for her cause of action would show the Court as follows:

## INTRODUCTION

1.      This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, the Age Discrimination in Employment Act, as amended, and the Texas Commission on Human Rights Act, as amended.

## PARTIES

2.      Plaintiff NORA LONGORIA is a resident of Williamson County, Texas.

3.      Defendant FLEXTRONICS AMERICA,  is a corporation which can be served with Citation through its Registered Agent, CT Corporation System at the following address:  350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

1

## JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331.

5.     This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## CONDITIONS PRECEDENT

6.     All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

7.     Plaintiff, Nora Longoria, was hired by Flextronics in June 2009, when Flextronics acquired Arvato Digital Services, with whom Ms. Longoria had been employed.  Ms. Longoria is sixty-four years old, and is Latina.

8.     After being hired by Flextronics, Ms. Longoria was assigned to work as the Human Resources Manager overseeing the Central Region of Flextronics' AT&T Mobility Project.  Ms. Longoria held this position until her termination on September 6, 2011.

9.     On February 2, 2010, Ms. Longoria attended a Zone Meeting in Dallas for Flextronics. At that meeting, the Director of the AT&T RTS project, Frank Delgreco, made a remark to Diana Brown, a Hispanic woman, that both Ms. Longoria and Ms. Brown considered to be derogatory to Ms. Brown as a Hispanic woman.  The comment was that Ms. Brown probably carried her money around in a coffee can, a reference to a perceived common practice among Hispanic people in Texas. Ms. Longoria reported this comment to human resources.

10.     In June 2010, Ms. Longoria received a new supervisor, Melissa Lightbody.  From the time Ms. Lightbody began supervising Ms. Longoria, she engaged in a pattern of harassing behavior that was different from how Ms. Lightbody treated Ms. Longoria's peers.  For example:

- Ms. Lightbody failed to appear for many scheduled one-on-one meetings with Ms. Longoria

- Ms. Lightbody routinely scrutinized Ms. Longoria's decisions regarding termination for Flextronics employees but did not do so for other HR Managers

- Ms. Lightbody gave Ms. Longoria a low performance appraisal and then, after Ms. Longoria pointed out numerous errors which Ms. Lightbody agreed were errors, Ms. Lightbody refused to modify the appraisal

- Ms. Lightbody failed to investigate Ms. Longoria's reports of possibly unethical behavior

- Ms. Lightbody refused to allow Ms. Longoria to schedule site visits on her own, while other H.R. managers were allowed to do so

11.     Ms. Longoria spoke with Ms. Lightbody on several occasions regarding her report of Mr. Delgreco's comment to Ms. Brown.  Ms. Lightbody was dismissive toward Ms. Longoria regarding these issues, and, to Ms. Longoria's knowledge, failed to investigate the allegations.

12.     On July 6, 2011, Ms. Longoria was informed by Ms. Lightbody that she had been selected for termination in a reduction in force that was caused by Flextronics' loss of its contract with Verizon.  Ms. Longoria was told that she had been selected for the RIF based on the alleged geographic needs of Flextronics.  Ms. Longoria did not work on Flextronics' Verizon program.

13.     Instead of eliminating Ms. Longoria's position, however, Flextronics simply replaced her, with a substantially younger, non-Hispanic employee named Stacy Goode.

## CAUSES OF ACTION

## COUNT ONE - AGE DISCRIMINATION

14.     The conduct of the Defendant towards Plaintiff, through its agents, employees,

managers, and supervisors, as set forth above, among other activities constitutes age discrimination, in direct violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*., and §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

15.    Plaintiff's age was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's age moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## COUNT TWO - DISCRIMINATION
## AND RETALIATION UNDER TITLE VII

16.    The allegations contained in Paragraphs 1 through 15 inclusive are hereby incorporated by reference.

17.    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

18.    Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her national origin (Hispanic) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

19.    Defendant is an employer within the meaning of Title VII.

20.    Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

21.     Defendant intentionally discriminated against Plaintiff because of her national origin (Hispanic) in violation of Title VII by terminating her employment.  Defendant retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT THREE - DISCRIMINATION AND RETALIATION UNDER 42 U.S.C. § 1981

22.     The allegations contained in Paragraphs 1 through 21 are hereby incorporated by reference.

23.     Additionally, Defendant termination of Plaintiff's employment on the  basis of her national origin (Hispanic) and in retaliation for her complaint of discrimination against another Hispanic employee violated Plaintiff's rights under 42 U.S.C. §1981 in the making and enforcement of contracts.

24.     Defendant's discrimination against Plaintiff was committed with malice and reckless

indifference to the rights of Plaintiff and other racial minorities to "have the same right … To make and enforce contracts … as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.

**COUNT FOUR**
**DISCRIMINATION AND RETALIATION UNDER THE**
**TEXAS COMMISSION ON HUMAN RIGHTS ACT**

25.     The allegations contained in Paragraphs 1 through 24 are hereby incorporated by reference.

26.     Discrimination. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of national origin, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's national origin was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment. Plaintiff's national origin moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

27.     Retaliation. In addition, Defendant has retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding

Plaintiff, including the decision to terminate Plaintiff's employment.

## DAMAGES

28.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

29.     Defendant has intentionally engaged in an unlawful employment practice.  Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

30.     The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## ATTORNEYS' FEES AND EXPERT FEES

31.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964, the ADEA, 42 U.S.C. §1981, and the Texas Commission on Human Rights Act.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.

Plaintiff additionally brings suit for expert fees.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.  The Court assume jurisdiction of this cause;

2.  The Court award Plaintiff damages as specified above;

3.  The Court award Plaintiff reinstatement or, in the alternative, front pay.

4.  The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.  The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

TERRY, SIMON & KELLY, P.L.L.C.
701 Brazos Street, Suite 500
Austin, Texas 78701
(512) 391-1955 Telephone
(512) 588-1726 Facsimile


 /S/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF

8